# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **REBECCA GRAY, Individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**WASTE MANAGEMENT OF ILLINOIS, INC. and ADVANCED DISPOSAL SERVICES, INC.,**<br><br>Defendants. | Case No. 1:22-cv-2090<br><br>(Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2022-CH-02148) |

## NOTICE OF REMOVAL

Defendant Waste Management of Illinois, Inc., and Advanced Disposal Services, Inc., ("Defendants") hereby remove the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Defendants state the following:

### The State Court Action

1. On March 17, 2022, Plaintiff Rebecca Gray ("Plaintiff") filed a putative class action lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled *Rebecca Gray, Individually and on behalf of all others similarly situated,* Case No. 2022- CH-02148 (the "Action").

2.	Defendants were served with a copy of the Summons and Complaint on March 23, 2022. This was Defendants' first formal notice of the Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the State Court File, including Summons and Complaint served on Defendants is attached as **Exhibit A** ("Compl."). No other process, pleadings or orders have been served on Defendants in this matter.

3.	This Notice of Removal is timely filed within 30 days of Defendants' receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.	Plaintiff brings her Complaint on behalf of a proposed class of all individuals working for either defendant in Illinois who had their fingerprints or biometric data collected, captured, received, or otherwise obtained, maintained, stored or disclosed by either Defendant during the applicable statutory period. (Compl., ¶ 59).

5.	Plaintiff alleges Defendants violated the Biometric Information Privacy Act ("BIPA" or the "Act"), 740 ILCS 14, through the collection, storage, use, and dissemination of their employees' biometric data when the employees' fingerprints are scanned to enroll them in the employee databases. (*Id*., ¶¶ 34-35). Plaintiff further alleges Defendants violated BIPA by: failing to inform their employees of the disclosure of this information, failing to inform their employees of the purpose and duration for which they collected this information, failing to obtain written releases or consents from employees before collecting this information, and failing to publish a written, publicly-available policy identifying their retention schedule and guidelines for destroying the information, as required by BIPA. (*Id*., ¶¶ 37-38).

6.	Plaintiff has raised separate causes of action for the alleged violation of 740 ILCS §14/15(a) (failure to publish publicly-available retention schedule) (Cause I), violation of 740

ILCS § 14/15(b) (failure to obtain release) (Cause II), 740 ILCS § 14/15(d) (disclosure of biometric information prior to consent) (Cause III). (*Id*. at pp. 16, 17, 19).

7. Plaintiff seeks statutory damages of $5,000 for each intentional and/or reckless violation of BIPA, or in the alternative, $1,000 for each negligent violation. (*Id*. at p. 20, Prayer for Relief).

8. Plaintiff also seeks punitive damages, reasonable attorneys' fees and costs of this action, and pre- and -post judgment interest. (*Id*.).

## Jurisdiction and Venue

9. Because the Circuit Court of Cook County, Illinois, County Department, Chancery Division lies in the Eastern Division of the Northern District of Illinois, this Court is the appropriate venue for removal. See 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

10. Based on the following, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(d) because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

## CAFA Jurisdiction

11. Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

---

[1] Defendants do not concede, and specifically reserve the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

12. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

13. Defendant Waste Management of Illinois, Inc. is a corporation formed under the laws of Delaware. **Exhibit B**, Declaration of Jessica Roccia (Roccia Decl. ¶ 4). Defendant Waste Management of Illinois, Inc.'s principal place of business is in Texas. (Roccia Decl. ¶¶ 4, 6). Therefore, Defendant Waste Management of Illinois, Inc., is a citizen of Delaware and Texas.

14. Waste Management, Inc., which acquired Defendant Advanced Disposal Services, Inc., is a corporation formed under the laws of Delaware. (Roccia Decl. ¶ 5). Waste Management, Inc.'s principal place of business is in Texas. (Roccia Decl. ¶¶ 5, 6). Therefore, Waste Management, Inc., as well as Defendant Advanced Disposal Systems, is a citizen of Delaware and Texas.

15. Named Plaintiff Rebecca Gray is a citizen of Illinois. (Roccia Decl. ¶ 7).

16. Thus, diversity for purposes of CAFA is satisfied because Defendants are citizens of Delaware and Texas, but the named Plaintiff is a citizen of Illinois.

17. Defendants are not state entities, state officials, or other governmental entities, as required by 28 U.S.C. § 1332(d)(5)(A).

18. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff seeks to represent a class which includes all individuals working for either Defendant in Illinois who had "their fingerprints or biometric data collected, captured, received, or otherwise obtained, maintained, or stored or disclosed by either Defendant during the applicable statutory period." (Compl. ¶ 59). While Defendants deny any timekeeping system

4

used by either Defendant captured biometrics of Plaintiff or any putative class members as alleged in the Complaint, within the state of Illinois, more than 1,000, and approximately 1,029 workers, have been enrolled in Illinois to use a timeclock which included scanning a portion of the worker's fingertip from March 17, 2017, to March 31, 2020. (Roccia Decl. ¶ 8). Accordingly, the putative class consists of more than 100 individuals.

19. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, their pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coc- Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

20. Plaintiff alleges Defendants owe statutory damages for each violation of BIPA which, for intentional and/or reckless violations, could amount to $5,000 per violation. (Compl. Prayer for Relief; 740 ILCS 14/20(2)). Within the state of Illinois, more than 1,000, and approximately 1,029 workers, have been enrolled to use a timeclock which included scanning a portion of the worker's fingertip from March 11, 2017, to March 31, 2020.[2] (Roccia Decl. ¶ 8). If enrolling each of the more than 1,000 workers is a violation of BIPA, as alleged by Plaintiff, the amount in controversy exceeds 5,000,000.[3] Indeed, for 1,029 workers, the amount in controversy is $5,145,000.[4]

21. Plaintiff also seeks attorneys' fees. (*Id*. at p. 20, Prayer for Relief). Attorneys' fees incurred as of removal are included in the amount in controversy calculation under CAFA, thus further confirming the total amount in controversy to exceed $5,000,000. *See ABM Sec. Servs., Inc. v. Davis,* 646 F.3d 475, 479 (7th Cir. 2011).

---

[2] No later than March 31, 2020, the feature of the timeclocks which scanned the portion of the employee's fingertip was disabled. (Roccia Decl. ¶ 8).
[3] 1,000 workers * $5,000 = $5,000,000.
[4] 1,029 workers * $5,000 = $5,145,000.

5

22. Therefore, while Defendants deny the validity and merit of all of Plaintiff's claims and deny her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

23. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

## Compliance With Procedural Requirements

24. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

25. Attached as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff Rebecca Gray and the Class, as required by 28 U.S.C. § 1446(d), through their counsel, Catherine T. Mitchell and Ryan F. Stephan, Stephan Zouras, LLP, 100 N. Riverside Plaza, Suite 2150, Chicago, Illinois 60606, rstephan@stephanzouras.com; cmitchell@stephanzouras.com, and also Carter Hastings, Anderson Alexander, PLLC, 819 N. Upper Broadway, Corpus Christi, TX 78401, carter@z2xlaw.com.

26. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit D** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

27. Defendants file this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, having fulfilled all statutory requirements, Defendants Waste Management of Illinois, Inc. and Advanced Disposal Services, Inc., hereby remove this Action from the Circuit Court of Cook County, County Department, Chancery Division to this Court and request that the Court assume jurisdiction over this Action as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: April 22, 2022

Respectfully submitted,

**WASTE MANAGEMENT OF ILLINOIS, INC. and ADVANCED DISPOSAL SERVICES, INC.**

By: */s/ Charles E. Reis, IV*
One of Its Attorneys

Charles E. Reis, IV, Bar #6186508
Lillian T. Manning, Bar #6322842
Littler Mendelson, P.C.
600 Washington Ave., Ste. 900
St. Louis, MO 63101
Telephone: 314.659.2000
creis@littler.com
lmanning@littler.com

### CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2022, I caused the foregoing ***Notice of Removal*** to be filed with the Clerk of the Court using the CM/ECF system, and to be served via e-mail on:

Catherine T. Mitchell
Ryan F. Stephan
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
rstephen@stephanzouras.com
cmitchell@stephanzouras.com

Carter Hastings
Anderson Alexander, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
carter@z2xlaw.com

*/s/ Charles E. Reis*
Charles E. Reis

4867-2223-1068.5 / 046554-1508

7