CT Corporation

**Service of Process Transmittal**
03/23/2022
CT Log Number 541274726

TO: Ashley Harper
Waste Management
800 CAPITOL ST STE 3000
HOUSTON, TX 77002-2925

RE: **Process Served in Florida**

FOR: Advanced Disposal Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rebecca Gray Individually and on behalf of all others similarly situated vs. Waste Management of Illinois, Inc |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2022CH02148 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/23/2022 at 01:41 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2022, Expected Purge Date: 04/02/2022<br><br>Image SOP<br><br>Email Notification, Nancy Shoebotham nshoebot@wm.com<br><br>Email Notification, Lillian Drake ldrake@wm.com<br><br>Email Notification, Christy Loftin cloftin@wm.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / JL

# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Mar 23, 2022

**Server Name:**      Jamie McPartland

| | |
|---|---|
| Entity Served | ADVANCED DISPOSAL SERVICES, INC. |
| Case Number | 2022-ch-02148 |
| Jurisdiction | FL |



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 14

FILED
3/17/2022 4:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02148
Calendar, 14
17136373

FILED DATE: 3/17/2022 4:45 PM   2022CH02148

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Rebecca Gray,
Individually and on behalf of all others similarly
situated,

Waste Management of Illinois, Inc. and Advanced
Disposal Services, Inc.

Defendant(s)

Case No. 2022-CH-02148

DATE: 3/23/2022
HOUR: 12:00
DEPUTY SHERIFF:

Advanced Disposal Services, Inc.
c/o Registered Agent: C T Corporation System
1200 South Pine Island Road, Plantation, FL 33324

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ☒ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                              **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

☒ Atty. No.: 43734

○ Pro Se 99500

Name: Catherine T. Mitchell

Atty. for (if applicable):

Rebecca Gray

Address: 100 N. Riverside Plaza, Suite 2150

City: Chicago

State: IL.    Zip: 60606

Telephone: 312-233-1550

Primary Email: cmitchell@stephanzouras.com

Witness date _____

3/17/2022 4:45 PM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service:
(To be inserted by officer on copy left with defendant or other person)

FILED DATE: 3/17/2022 4:45 PM 2022CH02148

FILED DATE: 3/17/2022 4:45 PM   2022CH02148

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
3/11/2022 4:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH02148
Calendar, 14
17059265

REBECCA GRAY,
Individually and on behalf of all others
similarly situated,

     Plaintiff,

  v.

WASTE MANAGEMENT OF ILLINOIS,
INC. and ADVANCED DISPOSAL
SERVICES, INC.

     Defendants.

Case No.

DATE: 3·23·2022
HOUR: 1220
DEPUTY SHERIFF:

## CLASS ACTION COMPLAINT

Plaintiff Rebecca Gray ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, bring the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Waste Management of Illinois, Inc. and Advanced Disposal Services, Inc. ("Defendants"), their subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric data. Plaintiff alleges as follows upon personal knowledge as to themselves, their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.  Defendant, Waste Management, is a full-service solid waste company providing waste collection in Illinois.

2.  In 2020, Defendant Waste Management acquired Defendant Advanced Disposal.

1

3. As of February 2022, the acquisition was finalized, and Advanced Disposal became part of Waste Management.

4. When Defendants hire an employee, including Plaintiff, he or she is enrolled in its employee database(s) using a scan of his or her fingerprint. Defendants use the employee database(s) to monitor the time worked by its employees.

5. While many employers use conventional methods for tracking time worked (such as ID badges or punch clocks), Defendants' employees are required, as a condition of employment, to have their fingerprints scanned by a biometric timekeeping device.

6. Biometrics are not relegated to esoteric corners of commerce. Many businesses – such as Defendants' – and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

7. Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – a fingerprint is a unique, permanent biometric identifier associated with each employee. This exposes Defendants' employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in the recent Clearview AI, Facebook/Cambridge Analytica, and Suprema data breaches – employees have **_no_** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8. In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million

2

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

9.    An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data – including fingerprints, iris scans, and facial photographs – of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft*, The Washington Post (Jan. 4, 2018), *available at* https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259f138.

10.    In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details*, The Tribune (Jan. 4, 2018), *available at* http://www.tribuneindia.com/news/nation/rs-500-10-minutes-and-you-have-access-to-billion-aadhaar-details/523361.html.

11.    In August 2019 it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database. Major Breach Found in Biometrics System Used by Banks, UK police and Defence Firms, The Guardian (Aug. 14, 2019), available at    https://www.theguardian.com/technology/2019/aug/14/major-breach-found-in-biometrics-system-used-by-banks-uk-police-and-defence-firms.

12.    This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial*

3

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

*Recognition Requests*, Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests-14081967.php.

13.    Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, specifically to regulate companies that collect, store and use Illinois citizens' biometrics, such as fingerprints.

14.    Notwithstanding the clear and unequivocal requirements of the law, Defendants disregard Plaintiff's and other similarly-situated employees' statutorily protected privacy rights and unlawfully collects, stores, disseminates, and uses Plaintiff's and other similarly-situated employees' biometric data in violation of BIPA. Specifically, Defendants violated and continue to violate BIPA because each Defendant did not and continues not to:

        a.    Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

        b.    Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' fingerprints, as required by BIPA;

        c.    Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

        d.    Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

15.    Accordingly, Plaintiff, on behalf of herself as well as the putative Class, seeks an Order: (1) declaring that Defendants' conduct violates BIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

4

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

## PARTIES

16.     Plaintiff Rebecca Gray is a natural person and a resident of the State of Illinois.

17.     Defendant Waste Management of Illinois, Inc. is a Delaware corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

18.     Defendant Advanced Disposal is a Florida corporation that conducts business in the State of Illinois, including Cook County.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because each Defendant is a citizen of Illinois, its principal place of business is in Illinois, and it committed the statutory violations alleged herein Cook County, Illinois.

20.     Venue is proper in Cook County because each Defendant conducts business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein Cook County, Illinois.

## FACTUAL BACKGROUND

### I.     The Biometric Information Privacy Act.

21.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

22.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer

5

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

23.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

24.     Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

25.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> a.      Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;
>
> b.      Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

6

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

c.    Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

26.    BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

27.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

28.    BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

29.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

7

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

30.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

31.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

32.     Plaintiff, like the Illinois legislature, recognize how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**II.     Defendants Violate the Biometric Information Privacy Act.**

33.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

34.     However, Defendants failed to take note of the shift in Illinois law governing the collection, use, storage, and dissemination of biometric data. As a result, each Defendant continues to collect, store, use and disseminate their employees' biometric data in violation of BIPA.

35.     Specifically, when employees are hired, each Defendant requires them to have their fingerprints scanned to enroll them in its employee database(s).

8

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

36. Each Defendant uses an employee time tracking system that requires employees to use fingerprints as a means of authentication. In accordance with each Defendant's policy, its employees are required to use their fingerprints to clock-in and clock-out, recording their time worked.

37. Upon information and belief, Advanced Disposal failed to inform its employees that it disclosed their fingerprints to Waste Management, and Defendants failed to inform their employees that they disclose or disclosed their fingerprint data to at least one third-party payroll vendor and likely others; failed to inform their employees that they disclosed their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; failed to inform their employees of the purposes and duration for which they collect their sensitive biometric data; and, failed to obtain written releases from employees before collecting their fingerprints.

38. Each Defendant failed to publish a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

39. The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct – where individuals are aware that they are providing a fingerprint, but not aware of to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendants disregard these obligations and its employees' statutory rights and instead

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

unlawfully collects, stores, uses and disseminates its employees' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

40.    Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the employee's last interaction with the company.

41.    Each Defendant has not told Plaintiff and others similarly situated what might happen to their biometric data if and when Defendants merge with another company, or worse, if and when each Defendant's business folds, or when the other third parties that have received employees' biometric data businesses fold.

42.    Since neither Defendant publishes a BIPA-mandated data retention policy nor discloses the purposes for its collection and use of biometric data, Defendants' employees have no idea whether Defendants sell, disclose, redisclose, or otherwise disseminate their biometric data. Moreover, Plaintiff and others similarly situated are not told to whom each Defendant discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

43.    These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

44.    By and through the actions detailed above, each Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

**III.    Plaintiff Gray's Experiences.**

45.    Plaintiff Rebecca Gray worked for Waste Management, f/k/a Advanced Disposal, as a Truck Driver from May 2018 to October 2019 at its facility located at 4612 W. Lake St., Melrose Park, IL 60160.

46.    As a condition of her employment, Plaintiff was required to scan her fingerprint so Defendants could use it as authentication methods to track their time.

47.    Each Defendant stored Plaintiff's fingerprint data in its employee database(s).

48.    Plaintiff was required to scan her fingerprint each time she began and ended her workday.

49.    Defendants did not inform Plaintiff in writing or otherwise of the purpose(s) and length of time for which her fingerprint data was being collected, did not receive a written release from Plaintiff to collect, store, or use her fingerprint data, did not publish a publicly available retention schedule and guidelines for permanently destroying Plaintiff fingerprint data, and did not obtain Plaintiff's consent before disclosing or disseminating her biometric data to third parties.

50.    Plaintiff has never been informed of the specific limited purposes or length of time for which each Defendant collects, stores, uses and/or disseminates her biometric data.

51.    Plaintiff has never been informed of any biometric data retention policy developed by Defendants, nor had she ever been informed of whether Defendants would ever permanently delete her biometric data.

52.    Plaintiff has never been provided with nor ever signed a written release allowing Defendants to collect, store, use or disseminate her biometric data.

53.    Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendants' multiple violations of BIPA alleged herein.

11

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

54.     No amount of time or money can compensate Plaintiff if her biometric data has been compromised by the lax procedures through which each Defendant captures, stores, uses, and disseminates their and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided her biometric data to Defendants if she had known that Defendants would retain such information for an indefinite period of time without her consent.

55.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

56.     As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, she seeks statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

57.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

58.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which

12

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives

a written release executed by the subject of the biometric identifier or biometric information. 740

ILCS § 14/15.

59.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735

ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals working for either Defendant in the State of Illinois who had their fingerprints or other biometric data collected, captured, received, or otherwise obtained, maintained, stored or disclosed by either Defendant during the applicable statutory period.

60.     This action is properly maintained as a class action under 735 ILCS § 5/2-801

because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

61.     The total number of putative class members exceeds fifty (50) individuals. The

exact number of class members can easily be determined from Defendants' records.

### Commonality

62.     There is a well-defined commonality of interest in the substantial questions of law

and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been

harmed by each Defendant's failure to comply with BIPA. The common questions of law and fact

include, but are not limited to the following:

A.     Whether each Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

13

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

B. Whether each Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C. Whether each Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

D. Whether each Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

E. Whether each Defendant has sold, leased, traded, or otherwise profited from Plaintiff's and the Class's biometric identifiers or biometric information;

F. Whether each Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

G. Whether each Defendant complies with any such written policy (if one exists);

H. Whether each Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

I. Whether each Defendant used Plaintiff's and the Class's fingerprints to identify them;

J. Whether the violations of BIPA were committed negligently; and

K. Whether the violations of BIPA were committed intentionally or recklessly.

63. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

## Adequacy

64. Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex

14

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

litigation and who have extensive experience acting as class counsel.

<u>Typicality</u>

65.     The claims asserted by Plaintiff are typical of the class members they seek to represent. Plaintiff has the same interests and suffer from the same unlawful practices as the class members.

66.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

<u>Predominance and Superiority</u>

67.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

68.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action.

15

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION

### Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule

69.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

71.     Each Defendant fails to comply with these BIPA mandates.

72.     Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

73.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

74.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

75. Each Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

76. Upon information and belief, each Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiff's or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

77. On behalf of themselves and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

78. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79. BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject...in

17

writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

80.     Each Defendant fails to comply with these BIPA mandates.

81.     Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

82.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by each Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

83.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

84.     Each Defendant systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

85.     Each Defendant did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

86.     By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

18

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

87.     On behalf of themselves and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**THIRD CAUSE OF ACTION**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and**
**Information Before Obtaining Consent**

88.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

89.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

90.     Each Defendant fails to comply with this BIPA mandate.

91.     Each Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

92.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by each Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

93.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

FILED DATE: 3/11/2022 4:56 PM 2022CH02148

94.     Each Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

95.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and the Class's biometric identifiers and biometric information as described herein, each Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

96.     On behalf of themselves and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Rebecca Gray as Class Representative, and appointing Stephan Zouras, LLP and Anderson Alexander, PLLC, as Class Counsel;

B.      Declaring that Defendants' actions, as set forth above, violate BIPA;

C.      Awarding statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

FILED DATE: 3/11/2022 4:56 PM    2022CH02148

D.   Declaring that each Defendant's actions, as set forth above, were intentional and/or reckless;

E.   Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring each Defendant to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

F.   Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.   Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and,

H.   Awarding such other and further relief as equity and justice may require.

Date:   March 11, 2022                    Respectfully Submitted,

*/s/ Catherine T. Mitchell*____
Catherine Mitchell
Ryan F. Stephan
**Stephan Zouras, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734

**ANDERSON ALEXANDER, PLLC**
**Carter Hastings** *(Pro Hac Vice Anticipated)*
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and Putative Class Members***

21

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on March 11, 2022, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

/s/ Catherine T. Mitchell

FILED DATE: 3/11/2022 4:56 PM   2022CH02148

22